OPINION
{¶ 1} On October 26, 2001, the Stark County Grand Jury indicted appellant, Antoine Devone Parker, on one count of receiving stolen property in violation of R.C. 2913.51. On November 28, 2001, appellant pled guilty to the charge. By judgment entry filed January 4, 2002, the trial court sentenced appellant to a determinate eighteen month sentence.
 {¶ 2} On March 11, 2002, the trial court granted appellant early release and placed him on community control. On June 25, 2002, appellant's probation officer filed a motion to revoke community control. A hearing was held on July 8, 2002. By judgment entry filed August 6, 2002, the trial court revoked appellant's community control and imposed a seventeen month sentence.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "Where the evidence against probationer consisted of hearsay and double hearsay, and where there is no evidence in the record that probationer intentionally and knowingly violated any term of his probation, the trial court abused its discretion and erred as a matter of law by imposing a prison sentence after revoking probationer's community control sanctions in violation of the fourteenth amendment of the United States Constitution and Article I, section 10 of the Ohio Constitution."
 II {¶ 5} "The appellant was denied a fair hearing, due process of law, and effective assistance of counsel and to a full and effective appeal when trial counsel failed to raise the errors listed in assignment of error one supra, in violation of the sixth and fourteenth amendment to the United States."
 I, II {¶ 6} These assignments center around the evidence presented during the revocation hearing. Appellant claims the revocation was based upon inadmissible hearsay and his trial counsel was ineffective for failing to object to said hearsay. We disagree.
 {¶ 7} The State's burden of proof in a probation revocation hearing is to prove by a preponderance of the evidence the defendant violated a condition of probation. State v. Richards (April 17, 2000), Stark App. No. 1999CA362. The trial court is to consider the credibility of the witnesses and make a determination based on substantial evidence. Id. A trial court's decision to revoke probation will not be disturbed on appeal absent an abuse of discretion. Id. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 8} The revocation was based upon the following violations of community control as stated in the June 25, 2002 motion to revoke probation:
 {¶ 9} "The defendant has violated Rule #1 of his/her probation by violating either federal, state, or local laws and/or by failing to notify the Probation Officer or Probation department on the next business day after being arrested, summoned, or cited for any law violation, or questioned by a law enforcement officer. Defendant was charged withResisting Arrest on 6-25-02.
 {¶ 10} "The defendant has violated Rule #2 of his/her probation by failing to pay his/her court costs. Defendant has paid nothingtoward court costs.
 {¶ 11} "The defendant has violated Rule #11 of his/her probation by failing to follow the instructions on the probation and comply with all special conditions of probation. Defendant resisted arrest fromProbation Officer and Law Enforcement Officers on 6-24-02."
 {¶ 12} Appellant's probation officer, Jack Jones, testified appellant had been served with the probation rules and regulations and had signed them. T. at 5. The focus of the revocation hearing was a resisting arrest charge which arose after appellant resisted arrest by another probation officer, Christopher Sengos. Although Officer Sengos did not testify during the hearing, the Sheriff's deputy who witnessed the arrest and resist, Deputy Jeffrey Igleheart, did testify. T. at 32-33.
 {¶ 13} Appellant does not contest the fact that Officer Sengos had the right to place appellant under arrest. It is also uncontested that appellant had not paid his court costs. What appellant challenges is whether the arrest was lawful. We find it was for the following reasons.
 {¶ 14} Officer Sengos attempted to arrest appellant when he appeared at the probation office because Officer Jones was aware of a FBI report regarding appellant's tangential involvement in a bank robbery and was aware that appellant had "made no payments on his court costs." T. at 9-11, 18-19, 23, 27. Upon review, we find there was probable cause to arrest appellant. State v. Timson (1974), 38 Ohio St.2d 122. Having found the arrest to be lawful, we find sufficient direct evidence of appellant's resistance to the arrest. T. at 32-34.
 {¶ 15} Appellant argues the reasons for the arrest were established through hearsay. We concur with this argument. However, strict compliance to the rules of evidence is not required during a revocation hearing:
 {¶ 16} "A court in making such inquiry is not bound by the usual rules of evidence prescribed for a criminal trial, and its consideration of evidence tending to show a violation of the terms of probation is subject only to the exercise of sound judicial discretion." State v.Theisen (1957), 167 Ohio St. 119, paragraph three of the syllabus.
 {¶ 17} Further, in Richards, supra, this court held the following:
 {¶ 18} "Appellant also challenges Linda Montor's testimony concerning appellant's probation violations on the basis that Montor read unauthenticated documents into evidence and testified about appellant's alleged behavior of which she had no personal knowledge. We have previously refused to adopt evidentiary standards for drug screens in the area of probation. State v. Robb (May 20, 1993), Muskingum App. No. CA-92-42, unreported."
 {¶ 19} Appellant also argues his trial counsel should have objected to the hearsay evidence. Because we have taken the position hearsay evidence at a revocation hearing is not inadmissible, we find this argument to be moot.
 {¶ 20} Assignments of Error I and II are denied.
 {¶ 21} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Hoffman, J. concur.
Topic: Revocation of probation hearsay evidence permitted.